UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL DIMON, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF WAUKEGAN, <br><br> Defendant. | No. 23 CV 17080 <br><br> Judge Georgia N. Alexakis |

MEMORANDUM OPINION AND ORDER

Plaintiff Paul Dimon worked as a public works maintenance worker for Waukegan, Illinois ("the City"). Dimon suffered an on-the-job back injury in August 2019, but his requests for different work duties were denied, and in September 2020 the City terminated his employment. Dimon sued the City under the Americans with Disabilities Act ("ADA"), alleging that he was discriminated against on the basis of disability and denied reasonable accommodations for his back injury. The City now moves to dismiss [11], arguing that Dimon's suit is untimely and that he has failed to state an ADA claim. For the reasons given below, the motion to dismiss is granted.

I.  **Legal Standards**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court must accept the complaint's factual allegations as true and draw all reasonable inferences in the

plaintiff's favor, but a court need not accept legal conclusions or "threadbare recitals" supported by "conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Background

Dimon began working as a maintenance worker for the City's Public Works Department ("the department") on August 11, 2015. [9] ¶ 8. Prior to this, Dimon had worked in electronics in the United States Navy and had a record of disability related to honorable discharge from the service.[1] *Id.* ¶ 17. Because of his experience with electronics, Dimon was hired to work in the department's electronics section[2] as an electronics technician. *Id.* ¶ 9. Dimon's duties initially consisted of electrical maintenance. *Id.* But starting in June 2017, Dimon was assigned to other sections on a temporary basis: first custodial and maintenance, then sewer (starting June 2018), and finally asphalt in June 2019. *Id.* ¶¶ 10–12. During the entire period of his employment Dimon was rated "satisfactory or better" on all performance evaluations he received. *Id.* ¶ 21.

In August 2019, Dimon injured himself while shoveling asphalt at work. *Id.* ¶ 13. Dimon's chiropractor provided a medical notice on August 14, 2020, that stated that Dimon was able to work with "a restriction on shoveling or lifting and twisting together." *Id.* ¶ 18. Dimon requested a return to the electronics department—where presumably there was less shoveling—as well as accommodations for his injury. *Id.*

---

[1] Dimon's complaint does not explain the nature of this record of disability.

[2] The complaint calls these sub-units "departments" within the Public Works Department, but in the interest of clarity the Court will refer to them as sections.

2

¶ 13. Both requests were denied. *Id.* Dimon notes that "[o]ther employees with medical conditions were allowed to work in the inventory department." *Id.* ¶ 28.

On September 25, 2020, Dimon was advised that "his employment was being terminated effective immediately based on his recently disclosed disability." *Id.* ¶ 23. The termination letter stated: "You remain unable to perform your position['s] duties as a Maintenance Worker and the department is unable to continue the accommodation request." *Id.* On September 28, 2020, Dimon also received a letter from the Illinois Municipal Retirement Fund indicating that he had been "terminated by [the City] due to health/medical reasons." *Id.* ¶ 27.

Dimon filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and federal Equal Employment Opportunity Commission ("EEOC") based on this termination on July 14, 2021. *Id.* ¶ 5. The EEOC adopted the IDHR's findings and issued Dimon a notice of his right to sue on September 26, 2023. *Id.* ¶ 6. Dimon sued the City in federal court, alleging discrimination and failure to accommodate under the ADA. *See generally id.* The City now moves to dismiss. [11].

### III. Analysis

Because the filing date is disputed, the Court first addresses the timeliness of the complaint. And quite unfortunately for Dimon, his complaint is untimely.

The ADA provides that "within ninety days after [the plaintiff receives a right-to-sue letter] a civil action may be brought." 42 U.S.C. § 2000e-5(f)(1). As the EEOC right-to-sue letter notes, the ability to sue is lost if a lawsuit is not "filed" within that 90-day period. [9-1] at 1; *see also Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th

3

Cir. 2009) (ADA claims time-barred when suit was filed more than 90 days after receipt of right-to-sue letter). Consistent with these sources, Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing *a complaint* with the court." (Emphasis added.)

The parties agree that a complaint filed on January 2, 2024, would have been timely. [16] at 3; [17] at 3. There is no dispute that Dimon filed the civil cover sheet and paid the filing fee on December 27, 2023, but the complaint was not docketed until January 3, 2024, after the 90-day period had run. Dimon attributes this to "a clerical error," though he does not explain the error. [9] at 2 n.1; [16] at 3. The City argues that because the complaint was docketed on January 3, 2024—one day after the deadline—the action is untimely and should be dismissed on that basis. [12] at 6–8. Dimon responds that the Court should consider December 27, 2023, the filing date for the purpose of timeliness, and that in any event the principles of equitable tolling should excuse any delay. [16] at 3–4.

Rule 3 specifies that *the filing of the complaint* commences an action, not the payment of the filing fee or the filing of a different paper like the civil cover sheet. In his response brief, Dimon states that "[t]he original Complaint was timely filed on December 27, 2023," but nothing in the record—for example, the docket itself or a sworn affidavit—supports that assertion. [16] at 3. Instead, as already noted, the docket reflects that the complaint was not filed until January 3, 2024. [3].

Dimon goes on to state: "[H]owever, while the filing fee and civil cover sheet were accepted, due to a clerical error and after contacting the Clerk's Office for the

4

Northern District of Illinois, the original complaint was re-uploaded January 3, 2024." [16] at 3. This language suggests the Clerk of the Court committed some kind of error in accepting only two of three documents that Dimon provided on December 27, 2023, but Dimon says nothing more in his response brief describing the nature of any such error and why it was only uncovered three business days later. And again, there is no accompanying affidavit or other document shedding additional light on these issues. A complaint is "filed" on the day it is delivered to the Clerk of the Court. *See Farley v. Koepp*, 788 F.3d 681, 686 (7th Cir. 2015). And while an "electronic defect" on the Clerk's side would not defeat delivery, *see id.*, because Dimon does not explain the "clerical error" that apparently thwarted the timely filing of the complaint, the Court has no basis to conclude that the complaint was actually delivered on December 27, 2023, rather than January 3, 2024. The Court thus treats January 3, 2024, as the filing date, making the complaint untimely.

Dimon argues that equitable tolling should apply if the complaint's filing was untimely. But equitable tolling "is reserved for situations in which the claimant has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). This includes "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," but "do[es] not extend to ... a garden variety claim of excusable neglect" like getting a deadline wrong. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96, (1990). Here, the Court infers that Dimon's counsel was aware of the

5

90-day deadline; the fee was paid and the cover sheet was filed ahead of it. Again, Dimon does not explain the nature of the "clerical error" that ostensibly occurred on December 27, 2023, but something like counsel's failure to upload the correct electronic document is the sort of "garden variety" neglect that would not implicate equitable tolling. *Irwin*, 498 U.S. at 96. In addition, as the City points out, it took Dimon's counsel three business days to identify and correct the error, *see* [17] at 3, which does not display the "active pursuit" required for equitable tolling. Equitable tolling therefore does not apply.

Because the complaint was filed more than 90 days after it was received and equitable tolling does not apply, the Court must grant the City's motion to dismiss. *See Lloyd*, 552 F.3d at 600. There is no leeway here, even if Dimon's counsel missed the deadline by only one day. *See, e.g.*, *Anooya v. Hilton Hotels Corp.,* 733 F.2d 48 (7th Cir. 1984) (affirming district court's conclusion that Title VII action was time-barred where "[a]ccording to the record, 91 days passed before [plaintiff] filed his complaint"); *Kyles v. Staff Mgmt., Inc.,* No. 01 C 8697, 2002 WL 31121096, at *2 (N.D.Ill. Sept. 25, 2002) (dismissing pro se plaintiff's Title VII complaint because it was filed 91 days after plaintiff received notice of right to sue where plaintiff miscalculated the 90-day period).

Any amendment would be futile, so the dismissal is with prejudice. *See Jackson v. AbbVie Inc.*, No. 24-2311, 2025 WL 487213, at *1–2 (7th Cir. Feb. 13, 2025) (affirming dismissal of complaint with prejudice where district court concluding that plaintiff's "claims were untimely and that no amendment could cure that deficiency").

Since the case is dismissed on timeliness grounds, the Court does not address the merits of the ADA claim.

## IV.  Conclusion

For the reasons stated above, the City's motion to dismiss [11] is granted. Dimon's complaint [9] is dismissed with prejudice. Civil case terminated.

_____
Georgia N. Alexakis
United States District Judge

Date: 2/26/25